UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jimmy Bryon Keith Curles, #271032, | ) | C/A No. 4:17-3088-PMD-TER |
| Plaintiff, | ) | |
| vs. | ) | Report and Recommendation |
| A/W Thompson, | ) | |
| Ms. Ferguson, | ) | |
| Ms. Thompson, | ) | |
| Ms. Counts, | ) | |
| Ms. Harrell, | ) | |
| Ms. Crumb, | ) | |
| Defendants. | ) | |

This is a civil action filed by a state prisoner, proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent

litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

**DISCUSSION**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey*, Ltd., 526 U.S. 687, 707 (1999). Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff asserts that his claim is one of false imprisonment against all named Defendants and he seeks monetary damages for days in which he was "falsely held." (ECF No. 1 at 4, 6). Plaintiff alleges he was supposed to be released on January 1, 2016. (ECF No. 1 at 5). Public records indicate Plaintiff began serving a ten year sentence as early as February 2014 and a different ten year sentence as early as June 2016. Plaintiff's Complaint is subject to summary dismissal based on the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant to 42 U.S.C. § 1983, such as the present one alleging constitutional violations in connection with state criminal charges, the Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a

judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)(internal footnote omitted).

By the above statements, the Supreme Court ruled that until a criminal conviction is set aside by way of appeal, post-conviction relief, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. Until the underlying conviction or sentence has been invalidated, a prisoner "cannot use a § 1983 action to challenge the fact or duration of his confinement," but "must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)(internal quotation omitted).

The limitations period for a post-trial civil rights action will not begin to run until the cause of action accrues, i.e., until the conviction is set aside; therefore, a potential § 1983 plaintiff does not have to worry about the running of the statute of limitations while he is taking the appropriate steps to have a conviction overturned. *See Wallace*, 549 U.S. at 391-92.

It is obvious that Plaintiff has not yet been successful in any efforts to overturn the convictions[1] because he is currently incarcerated and serving the sentence imposed. *See* S.C.D.C.,

---

[1] Plaintiff is in custody for seven different convictions each with 10 year sentences. Public records indicate Plaintiff had other charges dismissed "*nolle prosequi*." Under the favorable termination rule, the charges must be terminated "for reasons indicative of the innocence;" courts have held that an unexplained *nolle prosequi* or disposal of charges for reasons other than innocence do not satisfy the *Heck* "favorable termination" requirement. Restatement(Second) of Torts § 660 (1977); *see also Tucker v. Duncan*, 409 F.2d 963, 965 (4th Cir. 1974); Wilkins *v. DeReyes*, 528 F.3d 790, 802-03 (10th Cir. 2008); *Washington v. Summerville*, 127 F.3d 552, 558-59 (7th Cir.1997); *Posr v. Court Officer Shield # 207*, 180 F.3d 409, 418 (2nd Cir. 1999); *Jackson v. Gable*, 2006 WL 1487047, at *6 (D.S.C. May 25, 2006); *Nicholas v. Wal–Mart Stores, Inc.*, 33 Fed. Appx. 61, 64–65 (D.S.C. 2002). Nonetheless, the time period Plaintiff alleges he was falsely imprisoned by Kirkland employees aligns with the time his current sentences are running, regardless of other past *nolle prosequi* charges.

http://public.doc.state.sc.us/scdc-public/ (Inmate locator function) (last visited November 15, 2017). Because Plaintiff has not yet been successful in having his state convictions set aside by way of appeal, PCR, habeas corpus, or otherwise, this case is subject to summary dismissal.

Further, to the extent Plaintiff is requesting any relief that would result in his release from custody, any such relief may only be obtained in a habeas action, not a § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

### **RECOMMENDATION**

Accordingly, it is recommended that the district court summarily dismiss the complaint in this case without prejudice, and without issuance and service of process. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

                                                s/ Thomas E. Rogers, III
                                                Thomas E. Rogers, III
November 17, 2017                       United States Magistrate Judge
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).