**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| Jimmy Bryon Keith Curles, #271032, ) | |
| ) | C.A. No.: 4:17-cv-3088-PMD-TER |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| A/W Thompson, Ms. Ferguson, ) | |
| Ms. Thompson, Ms. Counts, Ms. Harrell, ) | |
| Ms. Crumb, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on Plaintiff Jimmy Curles' objections to United States Magistrate Judge Thomas E. Rogers, III's Report and Recommendation ("R & R") (ECF Nos. 10, 9, & 7). The Magistrate Judge recommends that the Court summarily dismiss Plaintiff's claims without prejudice and without issuance and service of process. For the reasons set forth herein, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's R & R.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, proceeding *pro se*, brings this action under 42 U.S.C. § 1983 and seeks money damages for false imprisonment. He contends that he was supposed to be released on January 1, 2016, and that his probation violation that resulted in a one-year prison sentence should not have put him in jail because he had six years and 156 days of credit time. The Magistrate Judge issued his R & R on November 17, 2017. Plaintiff filed two objections on November 27. Accordingly, this matter is ripe for consideration.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **ANALYSIS**

Neither of Plaintiff's objections have merit. In fact, his objections do not actually object to the R & R's conclusions. Viewed charitably, Plaintiff's first objection seeks an order from this Court requiring state and county corrections facilities to provide him copies of various requests and grievances. His second objection states that the county and state used a fake probation violation to keep him in prison.

In order for Plaintiff to state a false imprisonment claim under § 1983, he must show that his conviction was invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Plaintiff has made no such showing either in his complaint or in his objections. The Magistrate Judge has also independently concluded—using the South Carolina Department of Corrections' Inmate Locator Function—that Plaintiff has not been successful in seeking to overturn his convictions because he is currently incarcerated. Plaintiff makes no objection to that finding either. Finally, if Plaintiff's objections are construed as an attempt to reduce his sentence, then his action under § 1983 is not the proper vehicle. Instead, Plaintiff "must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Accordingly, Plaintiff's claim is subject to summary dismissal and the Court adopts the Magistrate Judge's recommendation that this matter be dismissed without prejudice and without issuance and service of process.

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that Plaintiff's objections are **OVERRULED** and that the R & R is **ADOPTED**. Accordingly, the Court summarily **DISMISSES** Plaintiff's claims without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**January 10, 2018**
**Charleston, South Carolina**